# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVETTE C. BOMMARITO; JENNIFER PEC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HOME DEPOT U.S.A., INC., a corporation; and DOES 1 to 100, inclusive,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:14-cv-01549-MCE-SKO<br><br>**ORDER ON INFORMAL DISCOVERY DISPUTE CONFERENCE HELD ON AUGUST 14, 2015**<br><br>(Doc. 18) |

Pursuant to the Court's informal discovery dispute practice, the parties contacted the Court and requested an informal discovery dispute conference to assist them with resolving a dispute regarding written discovery propounded by Plaintiffs Yvette C. Bommarito ("Bommarito") and Jennifer Peck ("Peck") (collectively "Plaintiffs"), on Defendant Home Depot ("Defendant"). On August 14, 2015, the parties appeared telephonically for an informal discovery dispute conference. John Briscoe, Esq., appeared on behalf of Plaintiffs, and Brian Chun, Esq., appeared on behalf of Defendant.

As a preliminary matter, the parties are reminded that the purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible," *United States v. Procter & Gamble Co.*, 356

U.S. 677, 683 (1958), and to narrow and clarify the issues in dispute, *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

Fed. R. Civ. P. 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All evidence is subject to the limitations imposed by Rule 26(b)(2)(C).

"Although [discovery] does have its boundaries, the scope of discovery is broadly construed." *Babbitt, et al. v. Albertson's Inc.*, 1992 WL 605652 *5 (N.D. Cal. 1992) (citing *Oppenheimer Fund v. Sanders*, 437 U.S. 340 (1978). Where a party objects to the scope of a request, that part resisting discovery "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998).

Based upon the parties' submissions and arguments presented at the informal discovery dispute conference, the Court ORDERS as follows:

1. As to Plaintiff's Requests for Production of Documents, the parties SHALL meet and confer in good faith, either in person or by telephone, by no later than August 17, 2015, to narrow the breadth of the disputed document requests, as follows:

    a. Plaintiff SHALL define which outstanding categories of *pertinent* and *relevant* information responsive to Plaintiffs' document requests remain to be produced; and

    b. When responding, Defendant shall articulate specific objections and identify both the scope of documents which have been provided and the category of documents that have been excluded based on the stated objection;

2. As to Plaintiffs' Interrogatory No. 2, Defendant shall provide information regarding lawsuits for discrimination on the basis of disability or age, retaliation for taking medical or family leave, or failure to prevent discrimination and/or retaliation, filed within the last ten years against:

        a.      Gina Schievers, Dionna Terry, Kevin Baum;

        b.      Any supervisor who directly supervised Plaintiff Bommarito between the date the alleged discriminatory conduct began in August of 2011 to the date of her termination; and

        c.      Any supervisor who directly supervised Plaintiff Peck between the date the alleged discriminatory conduct began in December of 2012 to the date of her termination; and

3.     As to Plaintiff's Interrogatory 5, the Court has not reviewed all interrogatories propounded upon Defendant. However, to the extent the interrogatories are divided into discrete subparts exceeding the numerical limit on interrogatories under the Federal Rules of Civil Procedure, Defendant's objection to answering any interrogatory outside that limit is sustained.

IT IS SO ORDERED.

Dated:   **August 17, 2015**                    **/s/ Sheila K. Oberto**
                                                       UNITED STATES MAGISTRATE JUDGE